BENJAMIN E. MILES *et al.*
*v.*
ALMON G. DANFORTH.

1. CONTINUANCE — *absence of witnesses — diligence.* An application for a continuance was made upon the ground of the absence of two witnesses, both of whom were, and had been for some time prior to the commencement of the suit, in the military service of the United States. One, a captain in the 47th regiment Illinois Vols., and the other a private in the 8th regiment, both of whom had all the time been absent from the State, with their regiments, moving about from place to place, in Mississippi, Tennessee and Alabama. The suit was commenced at the September Term, 1862, and in the first part of the December following a subpœna was issued for the witnesses and placed in the hands of the sheriff of the county of their residence, where the suit was pending, but they could not be found. About the 3d of December, 1862, as soon as it was known where the witnesses were, a *dedimus potestatem* was sued out and directed to a captain in the 47th regiment as commissioner, to take their depositions, and at once sent to Corinth, Miss., by mail, it being supposed he was then at that place. But owing to the disturbed condition of the country, no deposition had yet been returned. This was held to show sufficient diligence.

2. The court said: We will not now say that no effort need be made to procure the testimony of witnesses thus situated, but we may safely say that very little probability exists that it is possible to get the testimony of soldiers in the field in an active campaign, as we know the army had been.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

The only question in this case, necessary to be noticed here, arises upon the refusal of the court below to continue the cause at the instance of the defendants.

The action was assumpsit, instituted by Almon G. Danforth against Benjamin E. Miles and others, to the September Term, 1862, of the Circuit Court. At that term the cause was continued at the instance of the defendants; and at the February Term, 1863, this application was made for the same purpose by the defendants, upon an affidavit which set forth that they could not then safely proceed to trial without the testimony of Chester Andrews and Frank Lawson, both of whom were residents of Tazewell county, but at that time were, and for

twelve months previously had been, in the military service of the United States, and both were then somewhere in the State of Mississippi, Tennessee or Alabama. Then, after setting forth the materiality of the testimony of the witnesses, upon which no question was made, the affidavit set forth the character of diligence employed to procure their attendance, as follows:

"He further states that said Chester Andrews is now, and since this suit was commenced, a captain of a company in the 47th Regiment of Illinois Volunteers, and in the active discharge of his duties as such; and that said Lawson during the same period was and still is a soldier in the 8th Regiment of Illinois Volunteers, and moving about from place to place in the States of Mississippi, Tennessee, and Alabama. He further states that these defendants caused a summons to issue in this cause in the first part of December, 1862, to the sheriff of Tazewell county, for said Frank Lawson and Chester Andrews, but said sheriff has not been able to find said witnesses, as deponent is informed and verily believes. He further states that these defendants caused a *potestatem* commission to issue in this cause out of and under the seal of this court, directed to Capt. Joseph B. Miles, a captain in the 47th Regiment Illinois Volunteers, commissioner to take the depositions of said Frank Lawson and Chester Andrews in this cause, upon interrogatories duly filed, which commission was issued on or about the 3d day of December, 1862, which was forwarded to him, the said commissioner, at once by mail; but said commissioner has not as yet been able to take said depositions, or either of them, and has not taken and returned the same to this court. He further states that said commission was procured, issued, and forwarded in good faith, as soon as these defendants found out where to forward the same; that said commission and interrogatories were forwarded by mail to said commissioner at Corinth, in the State of Mississippi, where said commissioner and said witnesses were at that time, as he verily believes. He further states that, owing to the disturbed condition of affairs in that neighborhood, said commissioner has

been unable to take and return said commission and depositions; he states expressly and positively that these defendants knew of no other reliable person to take said depositions; that said commission was procured and furnished as soon as the defendants learned the whereabouts of said Frank Lawson and Chester Andrews, and were forwarded without delay. He further fully expects to procure the depositions of said witnesses, Lawson and Andrews, by the next term of this court. That this application is not made for delay, but that justice may be done. He prays, therefore, that this cause may be continued."

The application being denied, the cause proceeded to trial, which resulted in a judgment against the defendants, below; and thereupon they sued out this writ of error, and now say that the court erred in refusing to grant them a continuance.

Messrs. H. Grove, D. Kyes and E. N. Powell, for the plaintiffs in error.

Messrs. H. M. Wead, B. S. Prettyman and A. G. Kirkpatrick, for the defendant in error.

Mr. Chief Justice Caton delivered the opinion of the Court:

The court, in our judgment, erred in refusing to continue this cause. The affidavit shows that the testimony of the absent witnesses would be material in the cause, and that the witnesses are soldiers in the army commanded by General Grant, and that a commission had been sent, by mail, to take their depositions. We will not now say that no effort need be made to procure the testimony of witnesses thus situated, but we may safely say that very little probability exists that it is possible to get the testimony of soldiers in the field, engaged in an active campaign, as we know this army had been. At any rate, the efforts in this case we deem sufficient.

The judgment is reversed and the cause remanded.

*Judgment reversed.*